NO. 7420                          STATE OF LOUISIANA

OTTO T. HIRSIUS

                                  COURT OF APPEAL

    VS

CAPITAL CITY AUTO CO.             PARISH OF ORLEANS.

7420

# OPINION.

By his Honor John St. Paul.

Plaintiff alleges that he purchased an automobile from defendant, that he made two attempts to make the car run, but was unable to do so; whereupon he returned the car to defendant, and he now sues for the dissolution of the sale and the return of the price.

Defendant set up an exception of no cause of action, urging in substance that plaintiff has not alleged that the defects in the automobile were non apparent i. e. that they could not have been discovered by simple inspection.

The exception is not well founded. For unless warranty be expressly waived, the vendor warrants the thing sold as fit for the purpose intended. Fee vs Sentell, 52 An 1957. And an automobile
in
which is not running condition is manifestly not fit for the purpose intended.

It is not incumbent upon the buyer in such case to seek out, allege and prove #### the particular and underlying cause of the defects which makes the thing sold unfit for the purpose intended; particularly when that thing is a complicated peice of machinery; it is sufficient if he alleges and afterwards proves that as a fact such defects exists.

On the contrary it is for the vendor in such cases to show that the defects were such as the buyer knew or might have discovered by simple inspection. Otherwise we should have the quaint result that the buyer must give the thing an elaborate and thorough examination in order to show that the defect was not discoverable by a simple inspection; or start an expert investigation into the condition of the machine in order to establish the self evident fact that it did not run.

## 11.

On the merits ## the case involves only a question of fact. The evidence abundantly shows that the plaintiff was in need of the machine and desirous of having it, and that in good faith he made at

least two attempts to get it to run; but although quite competent himself to run it, and also assisted by experts, he was unable to obtain results.

There was not attempt whatever on the part of defendants to show the nature of the defects in the automobile, and we therefore agree with the district judge that the sale should be rescinded.

Judgment Affirmed.

New Orleans La, January 23, 1919L.